UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE KELLEY, *on behalf of themselves and others similarly situated*<br><br>                    Plaintiff,<br><br>    v.<br><br>CURALEAF, INC.,<br><br>                    Defendant. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Curaleaf, Inc. ("Curaleaf") hereby removes this civil action, which was filed in the Court of Common Pleas of Philadelphia County and assigned Case No. 2070 (the "Action"), to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Curaleaf states as follows:

1. **Removal Is Timely.** On November 7, 2022, Plaintiff Frankie Kelly ("Plaintiff") served their Class Action Complaint (the "Complaint") on Curaleaf, asserting numerous violations of the Philadelphia Fair Workweek Employment Standards ("Fair Workweek Law"), §§ 9-4600, *et seq*. and naming Curaleaf as Defendant. This Notice of Removal is filed within thirty (30) days of service of the Complaint and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). *See* Exhibit A, Service Cover Sheet and filed Complaint.

2. **This Court Has Diversity Jurisdiction Over This Action.** The Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332 and 1441. In particular, this Court has original jurisdiction under 28 U.S.C. § 1332(a), meaning that this Action may be removed to this Court by Curaleaf pursuant to 28 U.S.C. § 1441(b), because this is a civil action between citizens

of different states, and there is a good faith basis to believe that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

Plaintiff's Complaint confirms that diversity of citizenship exists because Plaintiff alleges both that Plaintiff is "an individual residing in Philadelphia, Pennsylvania" and that Curaleaf is "headquartered in Wakefield, Massachusetts." (Compl., ¶¶ 3-4.) In addition to being headquartered in Wakefield, Massachusetts, Curaleaf is incorporated in the State of Delaware. *See* Exhibit A, a copy of the Delaware Division of Corporations Entity Details regarding Curaleaf. Accordingly, there is complete diversity of citizenship between Plaintiff and Curaleaf.

Moreover, there is a good-faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks, *inter alia*, an award for "(i) unpaid wages; (ii) unpaid Predictability Pay; (iii) presumed damages; (iv) liquidated damages; [and] (v) prejudgment interest" on behalf of a broad class of individuals, as well as attorneys' fees. (Compl., Prayer for Relief.) In particular, Plaintiff seeks to represent a class of "all Curaleaf hourly employees who worked at Philadelphia Dispensaries during any week within the relevant time period." (Compl. ¶ 24.) While the precise number of putative class members is yet unknown, Plaintiff alleges in the Complaint that the class "includes hundreds of individuals." (Compl. ¶ 26.)

For each of these putative class members, Plaintiff seeks to recover statutory damages in the following amounts:

1. $200 in presumed damages for each putative class member to whom Curaleaf failed to provide a written good faith estimate in violation of Section 9-4602(1) of the Fair Workweek Law (Compl. ¶ 37);

2. $50 in presumed damages for each instance Curaleaf failed to provide a putative class member with the requisite advance written notice of their work schedule in violation of Section 9-4602(3)-(4) of the Fair Workweek Law (Compl. ¶ 42);

3.     $25 in presumed damages for each instance Curaleaf failed to promptly notify a putative class member of a schedule change in violation of Section 9-4602(5) of the Fair Workweek Law (Compl. ¶ 42);

4.     $100 in presumed damages for each instances in which Curaleaf failed to obtain written consent of a schedule change from a putative class member in violation of Section 9-4602(6) of the Fair Workweek Law (Compl. ¶ 42);

5.     Predictability Pay for each instance Curaleaf made a change of more than 20 minutes to a putative class member's work schedule in violation of Section 9-4603 of the Fair Workweek Law (Compl. ¶ 47);

6.     $50 in presumed damages for each pay period in which Curaleaf failed to provide a putative class member with a written notice of available hours in violation of Section 9-4605(2) of the Fair Workweek Law (Compl. ¶ 55);

7.     $50 in presumed damages for each pay period in which Curaleaf failed to provide a putative class member with written notice of its policy for distributing work hours in violation of Section 9-4605(6) of the Fair Workweek Law (Compl. ¶ 55);

8.     $1,000 in presumed damages for each instance Curaleaf failed to award available hours to a putative class member in violation of Section 9-4605(4) of the Fair Workweek Law (Compl. ¶ 55);

9.     Up to $2,000 in liquidated damages for each putative class member (Compl. ¶¶ 37, 42, 47, 55); and

10.     Unpaid compensation owed to putative class members, reasonable attorneys' fees and costs (Compl. ¶¶ 37, 42, 47, 55).

While Plaintiff does not allege the exact number of putative class members or the specific number of purported violations which Plaintiff alleges to have occurred, there is a good-faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs, due to Plaintiff's allegation that there are "hundreds" of individual class members. Even assuming for purposes of this Notice that there are only one hundred class members and each of those class members is only alleged to have suffered one violation of each of the aforementioned sections of the Fair Workweek Law, the potential purported damages at issue would exceed $347,000, exclusive of Predictability Pay, unpaid compensation, and attorney's fees.

Accordingly, even given Plaintiffs' failure to specify the precise damages sought, there is a good-faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs. Because there is diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, removal on diversity grounds is proper.

3. **Consent for Removal Is Not Required.** Curaleaf is the only defendant named in the Action. Accordingly, consent for removal from any additional defendants is not required.

4. **Notice Has Been Effectuated.** A copy of this Notice of Removal is being filed with the Court of Common Pleas of Philadelphia County, and concurrently served on Plaintiff's counsel of record. In addition, a true and correct copy of the Summons, Complaint, and any other pleadings filed and served upon Curaleaf in the Action are attached hereto as <u>Exhibit B</u>.

Dated: December 6, 2022    Respectfully submitted,

**BLANK ROME LLP**

/s/ *Julia C. Riskowitz*
Jason E. Reisman (PA ID 73871)
Julia C. Riskowitz (PA ID 331237)
One Logan Square | 130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
jason.reisman@blankrome.com
julia.riskowitz@blankrome.com

Counsel for Defendant, Cureleaf Holdings, Inc.

Alexis M. Dominguez (*pro hac vice forthcoming*)
Alissa J. Griffin (*pro hac vice forthcoming*)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle St., Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
adominguez@nge.com
agriffin@nge.com

## CERTIFICATE OF SERVICE

I, Julia C. Riskowitz hereby certify that on December 6, 2022, I caused a true and correct copy of the foregoing Notice of Removal via the Court's Electronic Filing System upon:

>Ryan Allen Hancock
>rhancock@wwdlaw.com
>WILLIG, WILLIAMS & DAVIDSON
>1845 Walnut Street, 24th Floor
>Philadelphia, PA 19103
>
>Sarah R. Schalman-Bergen
>ssb@llrlaw.com
>Krysten Connon
>kconnon@llrlaw.com
>LICHTEN & LISS-RIORDAN, P.C.
>729 Boylston Street, Suite 2000
>Boston, MA 02116
>
>Sally J. Abrahamson
>sabrahamson@flsalaw.com
>WERMAN SALAS P.C.
>335 18th Pl NE
>Washington, D.C. 20002

/s/ *Julia C. Riskowitz*

130015569